UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

Jeffrey Lee Tiller,

    Plaintiff

v.

Oglethorpe County School District,

    Defendant.

Civil Action No. 3:15-CV-53

## COMPLAINT

COMES NOW Plaintiff Jeffrey Lee Tiller (hereinafter "Plaintiff"), and files this lawsuit against Defendant Oglethorpe County School District (hereinafter "Defendant"), and shows the following:

## JURISDICTION AND VENUE

1.

This action seeks monetary damages, unpaid wages, liquidated and actual damages and attorneys' fees and costs for Defendant's failure to pay Plaintiff wages he is owed as a result of working for Defendant., in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA).

1

2.

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA") and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

3.

Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Middle District of Georgia because: (1) the Defendant is within the Middle District of Georgia and (2) the events or omissions giving rise to Plaintiff's claims, as described in this Complaint, occurred within the Middle District of Georgia.

## PARTIES

4.

Plaintiff is a resident of Lexington, Oglethorpe County, Georgia.

5.

Plaintiff worked for the Defendant for more than fifteen years, until he went on sick leave in April, 2014. His primary responsibility was maintenance of school vehicles. He was an "employee" of Defendant as defined under 29 U.S.C. § 203(e).

6.

Defendant Oglethorpe County School District is an enterprise and employer as defined by 29 U.S.C. § 203(s). It may be served by delivering process to Superintendent Dr. Lisa Hinely, at 735 Athens Road, Lexington, GA 30648.

7.

Defendant is governed by and subject to the Fair Labor Standards Act.

## STATEMENT OF FACTS

8.

During the time that Plaintiff was employed by the Defendant, he was required to work more than forty hours per week, including times he was required to come in early, stay late, or respond to calls when school vehicles broke down.

9.

Plaintiff was not paid for all hours that he worked in excess of forty hours per week.

10.

Defendant knew or should have known of its obligation to pay the

Plaintiff for all time worked and to pay the time and one-half overtime premium for hours worked in excess of forty hours per week.

11.

Defendant has violated the Fair Labor Standards Act by failing to pay Plaintiff the time and one-half premium for all hours worked over forty per week.

12.

Contrary to its legal duty under 29 CFR Part 516, Defendant failed to maintain any time records of Plaintiff's hours worked.

13.

Defendant has not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

14.

Defendant has acted willfully by failing to pay Plaintiff for all time worked and failing to maintain legally required time records.

## **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

15.

Defendant has violated the Fair Labor Standards Act by failing to pay him

for all the time that he worked throughout his employment.

16.

Defendant has also violated the Fair Labor Standards Act by failing to pay Plaintiff the time and one-half premium for all hours worked over forty per week throughout his employment.

17.

Defendant has not acted in good faith, entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages.

18.

Defendant has acted willfully by failing to pay Plaintiff for all time worked and failing to maintain legally required time records, entitling Plaintiff to recover for a three year period of time.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment awarding Plaintiff unpaid wages, liquidated damages, and prejudgment interest;

B. Grant to Plaintiff the costs in this action and reasonable attorneys' fees as provided by law;

C.	Grant to Plaintiff a jury trial on all issues so triable; and

D.	Grant such additional relief as the Court deems proper and just.

Respectfully submitted this 14th day of May, 2015.

s/Janet E. Hill
Janet E. Hill, Esq.
Georgia Bar No. 354230
HILL & ASSOCIATES, P.C.
1160 S. Milledge Ave, Suite 140
Athens, Georgia 30605
Telephone: (706) 353-7272
Fax: (706) 549-8446
E-mail: janet@hillworklaw.com
