IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Jeffrey Lee Tiller, <br><br> Plaintiff, <br><br> v. <br><br> Oglethorpe County School District, <br><br> Defendant. | Civil Action File No. <br> 3:15-CV-53-CDL |

## AGREEMENT

### PARTIES AND RELEASED PARTIES

This document sets forth the terms and conditions of the agreement (the "Agreement") between Jeffrey Lee Tiller ("Tiller") and Oglethorpe County School District ("OCSD"). "OCSD" includes the Oglethorpe County School District and all its officers, directors, employees, Board members, servants, agents, officials, insurers, and attorneys. Whereas the parties recognize and acknowledge their mutual uncertainty and bona fide dispute as to whether Tiller is owed any additional compensation from the District pursuant to the Fair Labor Standards Act (the Act); and

Whereas the parties have settled upon the below as an agreed upon, stipulated amount in acknowledgement of the above and in a mutual desire to fully, finally and completely resolve any and all actual or potential claims under the Act as between the District and Tiller; therefore,

The parties agree as follows:

1

A.  **Payment**

OCSD shall pay to Tiller and Tiller's attorney a total of seven thousand five hundred dollars ($7,500.00) which is based upon back pay (subject to payroll withholdings) in the amount of $2,295.00 liquidated damages in the amount of $2,295.00 and attorney fees in the amount of $2,910.00 as provided by law.

OCSD shall pay the settlement amounts within ten business days of the District's receipt of final, written approval of the settlement by the United States Middle District Court of Georgia (the "Court") by delivering the above funds to Tiller's attorney, Janet E. Hill, Hill & Associates, PC in two checks, one payable to Jeffrey Lee Tiller in the amount of $2,295.00, less payroll withholdings and the other payable to Jeffrey Lee Tiller and Hill & Associates, PC in the amount of $5,205.00.

In the event that Hill & Associates, PC does not receive the settlement payment within ten (10) business days of it becoming due, OCSD shall pay an additional ten percent (10%) of the late payment as a penalty.

B.  **Release**

For and in consideration of the total payment specified above, Tiller knowingly and voluntarily releases and forever discharges OCSD, it's and all its officers, directors, employees, Board members, servants, agents, and officials from any and all claims for wages, unpaid overtime wages, liquidated damages, attorneys' fees and any other costs, which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with his employment with OCSD and pursuant to the Act.

This Settlement Agreement constitutes full and final satisfaction of all claims for wages, liquidated damages, attorneys' fees and costs, which are or may be based in whole

2

or in part on, or do or may arise out of or are or may be related to his employment with OCSD under the Act.

**C.    Knowing and Voluntary Waiver and Release**

This Agreement is executed by Tiller freely, knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Tiller's claims.  By signing below, Tiller acknowledges that he has been given adequate time to review and consider the complete terms and conditions of this Agreement and exercise his right to consult with his attorney freely and fully.

No promise or inducement has been offered or made to the Tiller except as set forth in this Agreement. Consideration for this Agreement consists of financial payments and benefits to which the Tiller otherwise has no legal entitlement.

Tiller expressly warrants and represents to the OCSD that: (a) Tiller is legally competent to execute this Agreement; (b) Tiller has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, that Tiller has or may have by reason of the incident described above or any matters arising out of or relating thereto;  (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein (d) that he has actually, fully and to his complete satisfaction exercised his rights as set forth in Section D below in review of this Agreement, as well as his rights under the Act and (e) he currently has no claim, information or knowledge of any fact(s) upon which he could base any claim for additional compensation, reimbursement or other pay or damages from the District under the Act.

**D.     Right to Retain Advisor or Counsel**

The parties have had the right and exercised the opportunity to consult fully with legal counsel during the course of negotiating this Agreement, prior to signing this Agreement and are specifically advised to consult with legal counsel prior to executing this Agreement.

**E.     Entire Agreement**

This Agreement constitutes the entire agreement between the Tiller and the OCSD pertaining to Tiller's claim for wages, unpaid overtime wages, liquidated damages, attorneys' fees and costs, and supersedes all prior and contemporaneous agreements, representations and understandings. This Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Tiller and an authorized representative of OCSD, including the School Board, and approved by the Court as appropriate.

With the exception of Tiller's release of the District above, in the event any other portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion will be stricken and all other obligations will remain valid and mutually binding on the parties and not be affected thereby.

**F.     Effective Date**

Upon execution of this Agreement by the parties, approval of the OCSD Board of Education and the Court, the Agreement will be binding upon Tiller and OCSD as set forth the above and is irrevocable.

G.   **Approval by the Court**

The parties agree that upon execution of this Agreement by the parties, and approval by the OCSD Board of Education, this agreement will be submitted to the United States Middle District Court of Georgia for approval.   In the event the Court requires Tiller to offer testimony or execute any additional documents in connection with their final approval of this Agreement, Tiller agrees to promptly comply with any such request.

H.   **Successors and Assigns**

This Agreement is binding upon Tiller and Tiller's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and will inure to the benefit of the OCSD and its predecessors, successors and assigns.

I.   **Non-Admission**

The payments set forth herein do not constitute an admission of liability on the part of OCSD, who expressly denies liability. This Agreement is not an admission of liability or a violation of any law, rule, regulation or order, of any kind. In particular, this Agreement is not an admission that OCSD violated the FLSA, that Tiller has worked any overtime hours for which he has not already been fully compensated, or that Tiller is entitled to liquidated damages, attorney fees or a three year statute of limitation.

J.    **Miscellaneous**

Tiller represents that he has had reasonable and sufficient time to consider whether or not he desires to enter into this Agreement.  Tiller further acknowledges that he and his counsel have had a full and fair opportunity to examine all existing records related to his

5

work for the District, including time records. Any decision by Tiller to execute this Agreement is a knowing and voluntary decision.

By signing this Agreement, Tiller is giving up any and all rights he may have as to any lost wages, unpaid overtime, liquidated damages and any other costs, damages or claims arising from his FLSA claim. Tiller acknowledges that he does not have to sign this Agreement but that he agrees to do so voluntarily and in contemplation of the above

While the OCSD reserves the right to offer this agreement into evidence in the event of any future claim for damages under the Act which may be brought by Tiller, the parties or their agents shall not otherwise offer in evidence the existence of this Agreement nor any of its provisions in any action or proceeding other than an action to enforce this Agreement.

Tiller represents and warrants that, at all times pertinent, no person has any other claim whatsoever for any injury or damage alleged to have been sustained by Tiller arising out of Tiller's claims under the Act. Tiller will indemnify, defend and hold harmless the OCSD, its officers, directors, employees, Board members, servants, agents, and officials from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

This Agreement will be governed by, interpreted by, and construed in accordance with the laws of the State of Georgia and that any dispute arising out of its terms, including any alleged breach, only will be heard in the United States Court for the Middle District of Georgia.

This Agreement may be executed in multiple counterparts, each of which will be deemed an original. All counterparts will constitute one agreement binding on the parties,

regardless of whether each party is a signatory to the same counterpart. Fax signatures, in lieu of original signatures are acceptable.

If for any reason the Court is unable or unwilling to supervise and approve this Agreement, the parties agree this Agreement shall be null and void.

SO AGREED:

_____
Jeffrey Lee Tiller

Date: 11-13-15

_____
Mr. Randy Yeargin, Chair and on behalf of *OCSD*

Date: 11-17-15

By: _____
Ms. Beverley Levine, Superintendent
Ex-Officio Secretary to the Board

Sworn to and subscribed before me this 13th day of Nov., 2015.

_____
Notary Public, State of Georgia
Meredith A Stolz
My Commission Expires:
NOTARY PUBLIC
Clarke County, GEORGIA
My Comm Expires 04/10/2018

7