IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Jeffrey Lee Tiller,<br><br>  Plaintiff,<br><br>v.<br><br>Oglethorpe County School District,<br><br>  Defendant. | Civil Action File No.<br>3:15-CV-53-CDL |

**JOINT MOTION FOR COURT REVIEW AND
APPROVAL OF SETTLEMENT AGREEMENT AND
MEMORANDUM IN SUPPORT THEREOF**

COME NOW Plaintiff Jeffrey Lee Tiller ("Tiller") and Defendant Oglethorpe County School District ("Oglethorpe County") and jointly file this Motion for Court Review and Approval of Settlement Agreement.

**INTRODUCTION**

The parties respectfully request that the Court review the terms of the Agreement (Exhibit "A" attached) and grant the proposed Order approving the Agreement as per *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) based on the grounds set forth below.

**MEMORANDUM OF LAW**

The parties request the Court review and approve the Agreement so that the resolution of the case will be in accord with the Eleventh Circuit's decision

concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). In *Lynn's Food Stores*, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act may be settled or compromised by employees. The first is through a payment with the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court.  It is the second of these procedures the parties are following in this case.

Plaintiff was employed by Defendant as a mechanic. He alleges that he was not paid for all the time he worked and that the Defendant violated the FLSA. As such, Plaintiff filed suit for unpaid wages, liquidated damages, and attorneys' fees and costs.

Plaintiff did not maintain any contemporaneous record of the time that he claims he worked and was not paid, but generally claimed he was owed for times he was called in after-hours due to mechanical problems relating to buses or to the fuel depot and sometimes had to stay late completing work, up to four hours in a week.

Defendant contends that it did not violate the FLSA and disputes that Plaintiff is owed back wages.  In response to any occasions when Plaintiff may have been called in or worked late, Defendant contends that Plaintiff was awarded paid time off work (compensatory time) in lieu of being required to exhaust his accumulated sick

leave. Defendant further asserts that even if despite the above it violated the FLSA it was acting in good faith in the manner it paid Plaintiff, so that liquidated damages are not appropriate.

From a review of its repair records and similar documents, Defendant calculated that if Plaintiff is owed anything, which it believes is very much in doubt, it is no more than an absolute maximum of $2,873.56 in overtime wages over a three year period.  Defendant disputes that Plaintiff would be entitled to extend his claim beyond the initial 2 year statute of limitations under the Act, such that Plaintiff's maximum, unpaid overtime claim is actually below the above amount per Defendant's calculations. However, Defendant further contends that to the extent Plaintiff actually worked extra time even extending of a 3 year period, that the extra time was more than offset by time he took off to go to medical appointments where his pay was not docked nor his sick leave charged.

After negotiations, Plaintiff and Defendant have agreed to a compromise settlement that pays Plaintiff two thousand two hundred ninety five dollars and zero cents ($2,295.00) in back pay, subject to statutory payroll withholding; two thousand two hundred ninety five dollars and zero cents ($2,295.00) in liquidated damages; four hundred dollars and zero cents ($410.00) as reimbursement for out-of-pocket expenses; and attorneys' fees of two thousand five hundred dollars and zero cents

($2,500.00), for a total settlement amount of seven thousand five hundred dollars and zero cents ($7,500.00), even though Defendant continues to deny liability.

This compromise is based on the uncertainty and costs associated with litigation and a mutual desire to resolve this matter prior to attorneys' fees and expenses escalating. Thus, the Agreement is reasonable and should be approved.

The parties have been represented by counsel throughout the negotiation of the Agreement, and the Plaintiff voluntarily releases his claims against Defendant relating to his claims for wages in exchange for sufficient consideration.

Under the parties' agreement, Defendant will pay Plaintiff's counsel $2,500 and costs in the amount of $410.[1] The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" to prevailing plaintiffs. 29 U.S.C. § 216b.[2]

---

[1] Plaintiff's counsel's contract with the Plaintiff provides for a contingency fee of either one-third (1/3) of the total gross amount the wrongdoer agrees to pay (including any portion of the gross amount designated as attorney's fees/expenses) or the accrued full hourly fees (at a rate between $325 and $375 per hour), whichever is greater, if the case is settled after filing suit.

[2] The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

As set forth above, Plaintiff stands to recover substantially all the compensation he could receive if the claim were litigated, even as Defendant denies liability and is a prevailing party.

Because Plaintiff has prevailed, his counsel is therefore entitled to payment of his attorney's fees and costs by Defendant in the amount stated in the Agreement. This was an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Plaintiff for his overtime and liquidated damages, and to his counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores, 679 F.2d at 1354.* In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Tiller's counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged

by Brackett's counsel or the amount of the total fees incurred. *See Dail, 391 F. Supp. 2d at 1147* (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

That being said, Plaintiff's counsel was able to achieve an excellent result for Plaintiff quickly, efficiently and with minimal delay. Thus, his counsel's fee is reasonable and should be approved.[3]

WHEREFORE, the parties respectfully request the Court approve the attached Agreement.

This 19th day of November, 2015.

Prepared and Consented to by:

/s Janet E. Hill_____
Janet E. Hill, Esq.
Hill & Associates, PC
1160 S. Milledge Avenue
Suite 140
Athens, GA 30605
706-353-7272
GA State Bar No.  354230
janet@hillworklaw.com
*Attorney for Plaintiff*

---

[3] If, however, the Court nonetheless requires a fee petition or other submission for the purposes of conducting a lodestar cross-check or other analysis of the attorney's fees and costs to be paid to Plaintiff's counsel in this settlement, he respectfully requests the opportunity to supplement this joint motion with the required submittal.

Consented to by:         /s/ Daniel R. Murphy_____
                        Daniel R. Murphy
                        Lewis & Murphy, LLP
                        149 W. Athens Street
                        Winder, GA 30680
                        770-867-7446
                        GA State Bar No. 530152
                        danmurphy_1@msn.com
                        *Attorney for Defendant*


ORDERED AND APPROVED BY:   _s/Clay D. Land_____11/20/2015_____
                        Clay D. Land
                        United States District Judge